IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Joel H. Green, | ) | C/A No. 5:12-1086-RMG-KDW |
| Plaintiff, | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| Randolph Murdaugh, III; Walterboro Police Department, | ) | |
| Defendants. | ) | |

This is a civil action filed pro se by a local detention center inmate.[1]

## BACKGROUND INFORMATION

Plaintiff is confined at the Colleton County Detention Center, apparently on pending criminal charges that are unrelated to the subject matter of this case. In his Complaint, Plaintiff alleges Defendants violated the "Interstate Compact Agreement on Detainers"[2] by failing to timely bring him from the Georgia Department of Corrections ("GDC") to Colleton County, South Carolina, in order to try him on pending criminal charges of armed robbery, kidnaping, and grand larceny. Compl., ECF No. 1 at 3–4. Plaintiff alleges that, while he was incarcerated at the GDC in 2002, he completed paperwork to require South Carolina to bring him from Georgia to court in South Carolina on those pending charges within a certain time frame. *Id.* He alleges he sent the paperwork to Randolph Murdaugh III, who was the Solicitor for the Fourteenth Judicial Circuit at that time, and

---

[1] Pursuant to 28 U.S.C. §636(b)(1) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the district court. *See* 28 U.S.C. §§ 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

[2] Presumably, Plaintiff relies on the Interstate Agreement on Detainers Act or the "IADA." *See United States v. Thomas*, 342 F. App'x 891 (4th Cir. 2009).

that Murdaugh's office received the paperwork. *Id.* Plaintiff alleges no one from South Carolina came to the GDC to bring him to court until February 18, 2004, when the Walterboro Police Department arrived. *Id.* That was the date on which he was paroled from the GDC. *Id.*

Plaintiff alleges upon his arrival in Colleton County, South Carolina, he was appointed an attorney who filed a motion to dismiss the pending charges of armed robbery, kidnaping, and grand larceny on the ground that the Interstate Agreement on Detainers Act had been violated. *Id.* Allegedly, the state court denied the motion to dismiss. *Id.* Further, Plaintiff alleges a probation violation charge pending in Charleston County was transferred to Colleton County, and on August 31, 2004, he received a ten-year sentence of imprisonment within the South Carolina Department of Corrections ("SCDC") for violating probation. *Id.* Plaintiff alleges that, throughout his now-completed ten-year sentence, the charges of armed robbery, kidnaping, and grand larceny, illegally remained pending in Colleton County, and those pending charges adversely affected his custody level within SCDC. *Id.* He alleges, the day before he was to be released from the ten-year sentence, the pending charges in Colleton County were "lifted out of the computer," or, liberally construed, the charges were dismissed and the detainer was deleted. *Id.*

Plaintiff seeks money damages against both Defendants. ECF No. 1 at 5. He alleges that they caused him pain and suffering and emotional distress. *Id.* Further, he alleges Defendants breached a contract and committed legal malpractice. *Id.*

## **INITIAL REVIEW**

Under established local procedure in this judicial district, the court has carefully reviewed Plaintiff's pro se Complaint. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Prison Litigation Reform Act of 1996 ("PLRA"), and in light

of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

Pro se complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F. 3d 630, 630 n.1 (4th Cir. 2003). Even under this less stringent standard, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B), which requires the court to dismiss a case in which a litigant seeks to proceed in forma pauperis at any time it determines the action fails to state a claim on which relief may be granted. *See also Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990) (noting requirement of liberal construction does not mean court can ignore a clear failure in the pleading to allege facts that set forth a claim cognizable in a federal district court).

## **DISCUSSION**

This Complaint appears to be filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Rehberg v. Paulk*, 132 S.Ct. 1497, 1501 (2012). To state a claim under § 1983, a plaintiff

3

must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Liberally construed, Plaintiff may be alleging a Fourth Amendment claim related to malicious prosecution or false arrest, a due process violation, and/or cruel and unusual punishment based on Defendants leaving the allegedly illegal Colleton County charges pending against him while he was at SCDC to cause him to suffer harsher conditions. However, such claims are not cognizable against Defendant Walterboro Police Department because it is not a person subject to suit under § 1983. It is well settled that only "persons" may act under color of state law, and, therefore, a defendant in a § 1983 action must qualify as a "person."

The Walterboro Police Department is a group of officers in a building and, as such, is not subject to suit under Section 1983. Buildings and correctional institutions, as well as sheriff's departments and police departments, are not usually considered legal entities subject to suit. *See, e.g., Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir. 1985) (Denver Police Department not a separate suitable entity) (vacated and remanded for consideration of mootness, *Tyler v. Martinez*, 475 U.S. 1138 (1986)); *Post v. City of Fort Lauderdale*, 750 F. Supp. 1131 (S.D. Fla.1990) (dismissing city police department as improper defendant in § 1983 action because not "person" under the statute); *Shelby v. City of Atlanta*, 578 F. Supp. 1368, 1370 (N.D. Ga. 1984) (dismissing police department as party defendant because it was merely vehicle through which city government fulfills policing functions). Accordingly, the Walterboro Police Department is not considered a person subject to suit under 42 U.S.C. § 1983, and Plaintiff has failed to state a claim on which relief may be granted against it.

Additionally, the Complaint is subject to dismissal because it seeks monetary relief from Defendant Murdaugh who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2). In South Carolina, regional prosecutors are called Solicitors and Assistant Solicitors. Solicitors are elected by voters of a judicial circuit. *See* S.C. Const. art. V, § 24; S.C. Code Ann. § 1-7-310. Prosecutors, including Defendant Murdaugh, the former Solicitor of the Fourteenth Judicial Circuit, have absolute immunity for activities performed as "an officer of the court" when the conduct at issue was closely associated with the judicial phase of the criminal process. *See Van de Kamp v. Goldstein*, 555 U.S. 335, 341–45 (2009). For example, when a prosecutor "prepares to initiate a judicial proceeding," "appears in court to present evidence in support of a search warrant application," or conducts a criminal trial, bond hearings, grand jury proceedings, and pre-trial "motions" hearings, absolute immunity applies. *Id.*; *see also Buckley v. Fitzsimmons*, 509 U.S. 259 (1993). Defendant Murdaugh's alleged wrongful conduct relates to his pursuing the criminal charges against Plaintiff in light of the IADA, and his apparent opposition to the motion to dismiss the charges. This alleged conduct was intricately related to the judicial process and to the pending prosecution of the State's case against Plaintiff, even though the charges ultimately were dismissed. Therefore, Defendant Murdaugh has absolute prosecutorial immunity from this suit. *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (absolute immunity "is an immunity from suit rather than a mere defense to liability").

Finally, to the extent Plaintiff may seek to pursue state law claims of legal malpractice and breach of contract against Defendants, this court lacks subject matter jurisdiction. A civil action for a plaintiff's state law claims may be filed in a federal court under the diversity statute, 28 U.S.C. § 1332, if that statute's requirements are satisfied. *See Cent. W. Va. Energy Co. v. Mountain State*

*Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011). With the exception of certain class actions, the diversity statute requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00). *See id.*; 28 U.S.C. § 1332(a). Complete diversity of parties in a case means that the citizenship of every plaintiff must be different from the citizenship of every defendant. *Cent. W. Va. Energy Co.*, 636 F.3d at 103. Plaintiff's allegations imply that Plaintiff and Defendants are domiciled in South Carolina, or, stated differently, the Complaint does not allege that Plaintiff has a domicile different from the domicile of Defendants. Thus, complete diversity is lacking, and this court has no diversity jurisdiction over this action.

## **RECOMMENDATION**

Accordingly, it is recommended that Plaintiff's Complaint be dismissed *without prejudice*. *See Denton v. Hernandez*; *Neitzke v. Williams; Haines v. Kerner; Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

IT IS SO RECOMMENDED.

May 4, 2012  
Florence, South Carolina

Kaymani D. West  
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).